## SEWERS.                              229

[Hamilton Circuit Court, September 22, 1885.]

Cox and Smith, in chambers during vacation.

### JOHNSON ET AL. V. THE VILLAGE OF AVONDALE AND BENJAMIN BARTON.

1. EFFECT OF APPEAL ON AN INTERLOCUTORY ORDER DISSOLVING AN INJUNCTION.

   An interlocutory order by the judge of common pleas, dissolving an injunction, is not suspended by an appeal to the circuit court, unless such suspension is ordered by the circuit court, or two judges thereof, in vacation.

2. DISCRETION OF VILLAGE COUNCIL IN DEVISING PLANS OF SEWERAGE.

   Council of a village has a discretion in devising a plan of sewerage, which cannot be interfered with by the court, unless grossly abused.

3. OBJECTION OF OWNERS TO BUILDING OF SEWER ON THEIR STREET.

   Parties cannot object to the building of a sewer on their street on the ground that all the owners on it have already made sufficient private arrangements for carrying off their sewerage.

4. COST OF SEWERS, HOW TO BE ASSESSED.

   The cost of sewers on several streets may be added together, and thus assessed equally on all the land adjacent to the several streets.

The petition in this case in the common pleas court was filed by parties residing on Gholson avenue in the village of Avondale, who asked for an order restraining the village and its contractor from building a sewer on that avenue, on the ground : 1. That the main sewer did not have an outlet in a proper place : 2. That the plaintiffs were already provided with private drainage and therefore could not be assessed ; 3. That the system was defective and would create a nuisance ; 4. That the clerk of the village had not certified that there was money in the village treasury sufficient to meet the expense of building this sewer ; 5. That the assessment would be unequally distributed among the various property holders on Gholson and other avenues.

Upon the filing of the petition Judge Robertson granted a temporary restraining order, which the defendants moved at once to have dissolved. Upon this motion a full hearing of the case was had, which resulted in an order, by Judge Robertson dissolving the temporary restraining order, and from which interlocutory order the plaintiffs appealed, but failed to obtain two judges within the ten days for which Judge Robertson had suspended his order. After the expiration of that time, Judge Cox was applied to for an order suspending the order of dissolution below, but that judge was unwilling to decide whether or not two judges were required by law to make such an order. At his request the defendants consented to postpone the continuation of the work, until Judge SMITH could be obtained and the case could be heard before two judges. Upon the hearing of the case before Judges Cox and SMITH it was held, that on appeal from such an interlocutory order dissolving an injunction, made by the court of common pleas or a judge thereof, such interlocutory order, under the provisions of section 5226, as it now stands, is not suspended by such appeal unless it is so ordered by the circuit court, or two judges thereof in vacation.

The case was then fully argued by counsel on both sides to the two judges. On consideration, Judge Cox, while expresing no opinion as to the merits of the case, inclined to the opinion, that the injunction should be continued until the final hearing on appeal. Judge SMITH held that a proper case was not made for the injunction, and the following is his opinion :

SMITH, J.

The question presented to us, is, whether the interlocutory order made by Judge Robertson, dissolving the temporary injunction before that time allowed in this case (and which order was appealed from to the circuit court), should be suspended by us. Or in other words, whether we ought now, on this preliminary hearing, enjoin the defendants from the further construction of the lateral sewer on Gholson avenue, until the court, in regular session, can hear the matter so appealed on its merits.

We understand it to be considered, that an injunction may properly be granted if the village is proceeding, substantially, against the provisions of the statute, or if in a matter in which the council of the village has a discretion, it is grossly abusing it.

The first reason assigned by the counsel for the plaintiff, why the village authorities are proceeding illegally in the matter in question is, that the main sewer in the district, and into which the Gholson avenue lateral sewer is to empty, has, according to their claim, no proper outlet.

I understand that under the plan of sewerage heretofore adopted by the village, the main sewer was to empty into the large ravine at a point some distance north of the point where the Gholson avenue sewer was to connect with it ; and that under the action of the village authorities, it has since then been carried further north, and still further down the ravine and further from the property of the plaintiffs. That this ravine continues till it reaches Mill Creek, and at times has a large quantity of water flowing down it—at times it has but very little, and on rare occasions perhaps no water running in it. It is objected, that on this account it is not a proper outlet for this main sewer ; and for the additional reason, that the village authorities have no right to have the outlet there, as it interferes with the private rights of the person who owns the land at that point.

Section 2370 of the Revised Statutes provides, that the council may devise a plan for the sewerage of the corporation, consisting of one or more main or principal sewers, with the necessary branches and connections ; the main or principal sewers having their outlet in a river or other proper place ; and my present opinion is, that the ravine in this case does in fact constitute an outlet to the main sewer. Whether it is a *proper* one, is, in my judgment, a matter as to which the law confers a discretion on the village authorities, and unless it had been grossly abused, the courts cannot properly interfere. And I see no good reason as yet to

think that such discretion has been abused. The evidence on this point is, to say the least, very conflicting. Nor do I think the fact that the right of the village to have the outlet at this point, is denied by the owner of the ground, is a good reason why the court should interfere as prayed for at the instance of the plaintiffs. They are not called upon to defend the rights of the owner. If the village infringes on them, he has his remedy; but if the fact that some person might have a claim against the village for flowing sewage upon, or near his lands, is to stop this work, it is probable that the sewer can never be built anywhere. The same claim might be made by the plaintiffs if it was continued and actually emptied into Mill Creek, or some other stream, for it might then be an invasion of the rights of some one as much as it is now.

The fact as it is claimed to be, that all of the owners of land on Gholson avenue, have already made private arrangements for carrying off the sewage from their premises, is, I think, no good reason why they can now prevent the construction of this lateral sewer, or be freed from an assessment for its construction, even if it be admitted as claimed, that there are now no other persons than plaintiffs who will be benefited by it. If such a construction is to be put upon the law, it would practically put an end to any general system of sewerage in a municipal corporation, to be paid for by assessments on the adjacent property, and all that a land owner in that event need say is, that he has made other arrangements satisfactory to himself, and thus prevent any assessment upon him. This will not do. The statute, section 2385, which it is claimed justifies this, is intended in my judgment to meet a case where the person has already, *by steps taken by the municipal corporation, and to the construction of which his land has contributed*, been entirely, or in part, supplied with sewerage.

It is again urged that owing to the fact that the water supply in Avondale is now very limited, and not sufficient to force the sewage through the sewers to the outlet, that the foecal matter will settle in them, and that the gas generated therefrom will escape through the main holes, and operate as a nuisance to the plaintiff and others.

That this result will follow, I think, cannot be said to be at all certain. Indeed there is much doubt whether such will be the case, even if there be nothing done hereafter by the village authorities to prevent it, which is not to be presumed. It may well be, that in the near future some efficient water supply may be provided, which would enable to flush the sewers, and thus prevent any evils which are suggested as likely to ensue. At all events the danger is not so imminent as in my judgement to require the extraordinary remedy.

Another objection which is urged is, if I understand it right, that the cost of the sewer on Gholson avenue, and of those on two other avenues, is to be ascertained and added together, and then assessed on the land adjacent to the three avenues, when the cost of the sewer on Rockland avenue, one of the three, will be much greater than the cost of the one on Gholson avenue, and that this will be unjust and contrary to law.

I have not had time carefully to examine the statute, but it seems to me that there is reason to think that this mode of proceedure is authorized by section 2381; that is the cost of one or more lateral sewers, may be assessed upon the lands in the district through which the main sewer passes, in either of the modes pointed out in the section. At all events no illegal assessment has *yet* been made, and the plaintiffs cannot complain.

I have not had the opportunity to examine these questions with the care I should like to, and would do were they presented on a final hearing of the case. I simply express my present opinions, and hold myself ready to arrive at a different conclusion hereafter, should I see reason to do so. I am the more free to arrive at the conclusions announced, for the reason that I do not see how the plaintiffs will be prejudiced by the refusal to enjoin the work, except as general taxpayers, unless it be in the one matter of the nuisance, if it should turn out to be such; for so far as the assessment against them is concerned, if the action of the

council is found to be fatally wrong, they could be fully protected by a future decree of the court. I think, therefore, that the injunction ought not to be continued.

Paxton & Warrington and Wood & Boyd, for plaintiffs.

C. B. Matthews and Strickland & Lehmer, contra.